PROB 12C
(6/16)

Report Date: February 3, 2026

# United States District Court

### for the

### Eastern District of Washington

### Petition for Warrant or Summons for Offender Under Supervision

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

**Feb 03, 2026**

SEAN F. McAVOY, CLERK

ECF No 40

Name of Offender: Edward John Taylor        Case Number: 0980 1:21CR02024-SAB-1

Address of Offender: ███████████████  Yakima, Washington 98901

Name of Sentencing Judicial Officer:  The Honorable Stanley A. Bastian, Chief U.S. District Judge

Date of Original Sentence: January 26, 2022

Original Offense:        Possession of a Firearm in Furtherance of Drug Trafficking, 18 U.S.C. § 924(c)(1)(A)

Original Sentence:        Prison - 60 months          Type of Supervision: Supervised Release
                         TSR - 60 months

Asst. U.S. Attorney:     Todd Swensen              Date Supervision Commenced: January 2, 2026

Defense Attorney:        Craig Donald Webster       Date Supervision Expires: January 1, 2031

---

### PETITIONING THE COURT

To issue a summons.

On November 18, 2025, while at the Residential Reentry Center in Spokane, a United States Officer reviewed all the conditions of supervised release with Mr. Taylor, which he acknowledged a full understanding.

On January 6, 2026, Mr. Taylor and the probation officer reviewed all the conditions of supervised release to which he would be subject while serving his term of supervision. Mr. Taylor signed a copy of his judgement acknowledging his understanding of the conditions imposed by the court. He was also provided a copy for his reference.

The probation officer believes that the offender has violated the following conditions of supervision:

| Violation Number | Nature of Noncompliance |
|---|---|
| 1 | **Special Condition #4**: You must not enter into or remain in any establishment where alcohol is the primary item of sale. You must abstain from alcohol and must submit to urinalysis and Breathalyzer testing as directed by the supervising officer, but no more than 6 tests per month, in order to confirm continued abstinence from this substance. |

**Supporting Evidence**: Mr. Taylor is alleged to have violated his supervision release conditions by having consumed alcohol on or before January 6, 2026.

On January 6, 2026, Mr. Taylor reported to the probation office and completed a urinalysis. The test results were presumptive positive for alcohol. Mr. Taylor admitted to the undersigned officer to having consumed alcohol on or before January 6, 2026. He noted he

Prob12C
**Re: Taylor, Edward John**
**February 3, 2026**
**Page 2**

consumed a Buzzballz. He signed an admission of use form.  The explanation he provided for the alcohol use was that he did not know he had an alcohol condition.

2    **Special Condition #2**: You must undergo a substance abuse evaluation and, if indicated by a licensed/certified treatment provider, enter into and successfully complete an approved substance abuse treatment program, which could include inpatient treatment and aftercare upon further order of the court. You must contribute to the cost of treatment according to your ability to pay. You must allow full reciprocal disclosure between the supervising officer and treatment provider.

**Supporting Evidence**: Mr. Taylor allegedly violated the above-stated condition on or about January 21, 2026, by failing to provide accurate information to the staff at Triumph Treatment Services (Triumph) during the substance abuse assessment.

On January 21, 2026, Mr. Taylor went to Triumph in Yakima, Washington, and began the first phase of his substance abuse evaluation. On January 28, 2026, staff at Triumph contacted the undersigned by telephone to obtain collateral information. During the substance abuse assessment on January 21, 2026, the defendant was not forthcoming regarding his substance abuse history. The defendant hindered the assessment process, preventing the establishment of an appropriate treatment plan.

3    **Special Condition #2**: You must undergo a substance abuse evaluation and, if indicated by a licensed/certified treatment provider, enter into and successfully complete an approved substance abuse treatment program, which could include inpatient treatment and aftercare upon further order of the court. You must contribute to the cost of treatment according to your ability to pay. You must allow full reciprocal disclosure between the supervising officer and treatment provider.

**Supporting Evidence**: Mr. Taylor allegedly violated the above-stated condition on or about January 28, 2026, by failing to attend a scheduled substance abuse results appointment at Triumph.

On January 28, 2026, staff at Triumph contacted the undersigned by telephone to advise that Mr. Taylor was 2 hours late for his scheduled results appointment and had been rescheduled for February 5, 2026.  On the same date, Mr. Taylor advised the undersigned via a voice mail that his next appointment at Triumph was rescheduled for February 5, 2026.

The U.S. Probation Office respectfully recommends the Court issue a summons requiring the defendant to appear to answer to the allegations contained in this petition.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on:    February 3, 2026

s/Maria Balles

Maria Balles
U.S. Probation Officer

Prob12C
**Re: Taylor, Edward John**
**February 3, 2026**
**Page 3**

THE COURT ORDERS

[ ]   No Action
[ ]   The Issuance of a Warrant
[X]   The Issuance of a Summons
[ ]   The incorporation of the violation(s) contained in this
      petition with the other violations pending before the
      Court.
[ ]   Defendant to appear before the Judge assigned to the
      case.
[X]   Defendant to appear before the Magistrate Judge.
[ ]   Other

_____
Signature of Judicial Officer

2/3/2026
_____
Date